**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BOLGER, JOE L. and ) | Case No. 05-19380-R |
| BOLGER, PAMELA K., ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | Filed/Docketed |
| BETTY JO ANN OWENS, ) | August 28, 2006 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 06-1038-R |
| ) | |
| JOE L. BOLGER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the Joint Stipulations of Plaintiff Betty Jo Ann Owens ("Owens") and Defendant Joe L. Bolger ("Bolger") (Adv. Doc. 12); the Trial Brief of the Plaintiff Betty Jo Ann Owens in Support of Recovery of Attorney Fee in Pursuit of Non-Dischargeable Order Under 11 U.S.C. Section 523(a)(4) (Adv. Doc. 15) ("Owens' Brief"); and Defendant's Reply to Plaintiff's Trial Brief Seeking Recovery of Attorney Fees in Pursuit of Non-Dischargeable Order Under 11 U.S.C. § 523(a)(4) (Adv. Doc. 16).  Owens filed a Complaint against Bolger seeking a declaration that a debt owed by Bolger to Owens is non-dischargeable pursuant to Section 523(a)(4) of the Bankruptcy Code.  Bolger has conceded that he is liable to Owens to the extent that Owens is required to pay suppliers and/or subcontractors who were retained by Bolger to supply labor or materials in connection with Bolger's construction of Owens' residence and, due to Bolger's failure to pay such

suppliers and/or subcontractors, timely filed liens against Owens' residence. According to the parties, the only outstanding legal issue is whether Owens is entitled to recover from Bolger "the attorney fees and costs previously incurred in the pursuit of this adversary claim, and all costs and expenses that may be incurred in the future by Mrs. Owens in obtaining releases of the liens" and whether such fees and costs constitute "part of the whole, entire non-dischargeable debt." Owens' Brief at 5.

**I.      Jurisdiction**

The Court has jurisdiction of this "core" proceeding by virtue of 28 U.S.C. §§ 1334, 157(a), and 157(b)(2)(I); and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

**II.     Findings of fact**

The parties have stipulated as follows:

Bolger and Owens entered into the Bolger Custom Homes Residential Construction Contract ("Construction Contract") on or about March 20, 2005, in which Bolger agreed to build a residence (the "Residence") for Owens in accordance with building plans and specifications and in which Owens agreed to pay Bolger for all labor, materials and other costs incurred by Bolger in building the Residence plus a construction management fee. Owens paid Bolger the sum of $153,739.28 in accordance with the payment schedule agreed upon by the parties. Bolger failed to pay all the suppliers and/or subcontractors that he retained in connection with the construction. The following three suppliers/subcontractors timely filed liens against the Residence to secure payment of the following amounts: R&R

Carpet and Tile - $9,113.00; Tulsa Energy Control, Inc. - $1,690.00; and Overhead Door of Tulsa - $301.68.

Bolger agrees that to the extent Owens is forced to pay the suppliers/subcontractors in order to obtain a release of the liens, he is indebted to Owens in such amounts, and that such debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(4).  Owens has incurred attorney's fees in the amount of $3,000 in connection with (1) attempting to obtain a reaffirmation agreement with Bolger (which was unsuccessful)[1] and (2) filing and prosecuting this adversary proceeding to determine the debt non-dischargeable.

The Construction Contract provides that "[t]his Agreement shall . . . be governed, construed and interpreted in accordance with the laws of the State of Oklahoma" and that "[t]he prevailing Party in any legal proceeding or arbitration based upon this Agreement shall be entitled to recover reasonable attorneys' fees, expenses and court (or dispute resolution) costs."  Construction Contract, attached to Joint Stipulations as Exhibit A, at ¶¶ 15 and 13.

**III.   Conclusions of law**

In her Complaint Under § 523(c) of the Bankruptcy Code to Determine the Dischargeability of a Debt (Adv. Doc. 1), Owens asserted that Sections 152 and 153 of title 42 of the Oklahoma Statutes ("Section 152" and "Section 153" respectively, and collectively, the "Oklahoma Construction Trust Fund Statutes") created a fiduciary relationship between Bolger, as a building contractor, and Owens, as a property owner; that funds she paid to

---

[1] No reaffirmation agreement between Bolger and Owens has been filed in Bolger's bankruptcy case.

3

Bolger to build the Residence pursuant to the Construction Contract constituted funds held in trust by Bolger for the benefit of suppliers/subcontractors and for the benefit and protection of Owens as the property owner; that Bolger misappropriated trust funds to the extent that funds were not used to pay suppliers and subcontractors who had lienable claims against the Residence; and that such misappropriation constitutes defalcation by a fiduciary within the meaning of Section 523(a)(4) of the Bankruptcy Code,[2] rendering Bolger's debt to Owens non-dischargeable.

> Sections 152 provides in pertinent part as follows–
>
> The amount payable under any building or remodeling contract shall, upon receipt by any contractor or subcontractor, be held as trust funds for the payment of all lienable claims due and owing or to become due and owing by such contractors or subcontractors by reason of such building or remodeling contract.

42 O.S. § 152(1).  The relevant portion of Section 153 provides –

> The trust funds created under Section 152 of this title shall be applied to the payment of said valid lienable claims and no portion thereof shall be used for any other purpose until all lienable claims due and owing or to become due and owing shall have been paid.

42 O.S. § 153(1).

"Oklahoma law is clear that the statutory duty imposed on a general contractor to hold funds in trust for the payment of subcontractors creates a fiduciary relationship between the owner and the contractor." Murphy Oil USA, Inc. v. Wood, 438 F.3d 1008, 1017 (10th Cir.

---

[2] Section 523(a)(4) provides that a chapter 7 discharge does not discharge a debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).

2006). "The fiduciary duty, however, exists only to the extent that there are lienable claims due and owing by reason of a building or remodeling contract." Id., *citing* In re Harris, 2002 OK 35, 49 P.3d 710, 716. "It is also well settled that the owner of real property who places trust funds with a general contractor pursuant to the Oklahoma construction trust fund statutes is a beneficiary of the statutory construction lien scheme to the extent of any valid lienable claims arising from the contract between the owner and the general contractor." Id.

In this case, the Oklahoma Construction Trust Fund Statutes established Bolger as a fiduciary within the meaning of Section 523(a)(4); Bolger's fiduciary duty toward Owens included the duty to hold funds in trust for payment of all lienable claims. See Duncan v. Neal (In re Neal), 324 B.R. 365, 370-71 (Bankr. W.D. Okla. 2005), *aff'd* 2006 WL 452340 (B.A.P. 10th Cir. Feb. 22, 2006). Because Bolger violated that fiduciary duty by failing to pay suppliers and subcontractors with funds entrusted to him for that purpose, to the extent that Owens is required to pay those subcontractors or suppliers to clear her title to the Residence, Bolger is liable to Owens and that debt is non-dischargeable. Bolger concedes this point. However, Owens further contends that she is entitled to recover from Bolger all attorney's fees, expenses and costs incurred in seeking to establish the debt as non-dischargeable (including fees incurred in unsuccessfully seeking a reaffirmation agreement), a contention Bolger disputes.

Bolger correctly asserts that there is no federal statutory authority under which a creditor may recover attorney's fees as a prevailing party in a Section 523(a)(4) action. The Bankruptcy Code provides that in certain circumstances, a prevailing *debtor* may recover

attorney's fees in defending a Section 523(a)(2) claim (*i.e.*, defending against a creditor's objection to the dischargeability of a debt for money or property allegedly obtained by trick, misrepresentation or actual fraud by the debtor).  See 11 U.S.C. § 523(d).  Section 523(d) is clearly inapplicable in this case, and the Bankruptcy Code does not contain any fee shifting provision applicable to parties prevailing in litigation arising under other subsections of Section 523.

The majority of circuits hold that in Section 523 litigation, the "American Rule" applies[3] and a prevailing party cannot recover attorney's fees from the losing party unless that party would be entitled to such fees under an applicable statute or a valid contract to the extent such fees would be recoverable under state law.  See, e.g., Cadle Co. v. Martinez (In re Martinez), 416 F.3d 1286, 1290-91 (11th Cir. 2005) (although Section 523(d) was not available to debtor prevailing in Section 523(a)(2) proceeding because debt at issue was not a consumer debt, fees were awardable to prevailing debtor under a contractual fee provision between debtor and objecting creditor, as that attorney fee provision was interpreted under state law); Alport v. Ritter (In re Alport), 144 F.3d 1163, 1168 (8th Cir. 1998) (debtor was required to pay fees a prevailing creditor incurred in litigating a Section 523(a)(2) claim under attorney fee provision contained in contract under which debt arose); Mayer v. Spanel Int'l Ltd. (In re Mayer), 51 F.3d 670, 677 (7th Cir. 1995) (where debtor agreed to pay legal

---

[3] Under the "American Rule," which is applicable to litigation in federal courts, each litigant is required to bear its own attorney's fees unless, among other exceptions, a statute or contract provides for the recovery of such fees by the prevailing party.  See Bennett v. Coors Brewing Co., 189 F.3d 1221, 1237-38 (10th Cir. 1999).

6

expenses in contract, attorney's fees incurred in non-dischargeability action become part of the non-dischargeable debt); Jordan v. Southeast Nat'l Bank (In re Jordan), 927 F.2d 221, 227-28 (5th Cir. 1991) (where loan agreement provided that debtor would pay attorney's fees incurred by bank, fees incurred in Section 523(a)(2) action were part of non-dischargeable debt), *overruled in part on other grounds*, Coston v. Bank of Malvern (In re Coston), 991 F.2d 257 (5th Cir. 1993); Transouth Financial Corp. v. Johnson, 931 F.2d 1505, 1509 (11th Cir. 1991) ("a creditor successful in a dischargeability proceeding may recover attorney's fees when such fees are provided for by an enforceable contract between the creditor and debtor"); Martin v. Bank of Germantown (In re Martin), 761 F.2d 1163, 1167-68 (6th Cir. 1985) (where note provided that debtors would reimburse bank for fees necessary to collect note, and such provision was enforceable under state law, bank was entitled to recover fees incurred in Section 523(a)(2) proceeding). Cf. In re Sheridan, 105 F.3d 1164 (7th Cir. 1997) (concluding that although a *creditor* could recover fees for litigating a Section 523 action under a fee shifting term of the contract that created the debt, a debtor that successfully *defends* against a Section 523 action asserted by a holder of a non-consumer debt[4] could not recover fees because the debtor was not seeking to enforce the contract; rather, the debtor was seeking to discharge the debt, which was a purely federal cause of action independent of the contract that permitted fees). Generally, to the extent that a contract provides for the recovery of fees, if such fees are awarded to a successful creditor, the fee judgment is

---

[4] Section 523(d) provides for recovery of attorney's fees by a debtor only in cases where a creditor that seeks a determination of non-dischargeablity of a *consumer* debt.

7

deemed part of the non-dischargeable debt. See Alford, 144 F.3d at 1168; Mayer, 51 F.3d at 677; Jordan, 927 F.2d at 227-28; Martin, 761 F.2d at 1168.[5]

The body of Ninth Circuit case law on this issue is more complex. That circuit has adopted the general rule that "[w]here a contract or statute provides for an award of attorneys' fees, a creditor may be entitled to such fees in bankruptcy proceedings. Such an award is governed by state law." Fobian v. Western Farm Credit Bank (In re Fobian), 951 F.2d 1149, 1153 (9th Cir. 1991). But, "where the litigated issues involve not basic contract enforcement questions, but issues peculiar to federal bankruptcy law, attorney's fees will not be awarded absent bad faith or harassment by the losing party." Id. In Fobian, the circuit court held that fees incurred by a bank in appealing the bankruptcy court's confirmation of a chapter 12 debtor's plan were not recoverable, even though the debtor's debt to the bank arose under a contract containing an attorney fee provision. The circuit court concluded that the appeal was not related to "contract enforcement," but involved "solely issues of federal bankruptcy law: the Bank sought proper application of Sections 506 and 1225. This was not a traditional 'action on the contract.'" Id. In Gee v. Hammond (In re Gee), 173 B.R. 189 (B.A.P. 9th Cir. 1994), the bankruptcy appellate panel for the Ninth Circuit reversed an award

---

[5] The Court notes that the above-cited circuit cases affirming awards of attorney's fees in Section 523 litigation under the contract exception to the American Rule involved actions seeking a determination of non-dischargeability on account of fraud under Section 523(a)(2), rather than defalcation by a fiduciary under Section 523(a)(4), but there does not appear to be any principled reason why the exception to the American Rule should not apply in Section 523(a)(4) litigation if the fiduciary duty breached arises from a contract containing a fee-shifting provision.

8

of attorney's fees to a creditor that obtained a declaration that a judgment for sexual harassment was non-dischargeable under Section 523(a)(6). No contract provided for the recovery of fees in that case, and the state non-discrimination statute's fee shifting provision did not apply because the creditor's complaint "was premised solely on a federal cause of action under § 523(a)(6)" and no state law issues were tried. Id. at 193-94. The Ninth Circuit bankruptcy appellate panel also denied fees to a prevailing creditor in a Section 523(a)(6) proceeding, notwithstanding the existence of a contract between the debtor and creditor in Itule v. Metlease, Inc. (In re Itule), 114 B.R. 206 (B.A.P. 9th Cir. 1990). The bankruptcy appellate panel, relying on a Ninth Circuit case decided under the Bankruptcy Act, concluded that a dischargeability action is a specialized federal cause of action rather than an action based on a contract, and therefore the attorney fee provision in the contract under which the debt arose was not applicable, nor did the Bankruptcy Code provide for the award of fees to a prevailing creditor in a dischargeability proceeding. Id. at 212-13, *citing* Grove v. Fulwiler (In re Fulwiler), 624 F.3d 908 (9th Cir. 1980).

Conversely, in Heritage Ford v. Baroff (In re Baroff), 105 F.3d 439 (9th Cir. 1997), the Ninth Circuit stated that although "[n]o general right to attorney fees exists under the Bankruptcy Code, . . . a prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." Id. at 441. Accordingly, the circuit concluded that attorney's fees incurred by a creditor in prosecuting a Section 523(a)(2) claim were recoverable because the bankruptcy court applied state contract law "to determine the

enforceability of the . . . agreement [containing an attorney fee provision] to determine dischargeability." Id. at 442. "The document containing the attorney fees clause in this case played an integral role in the proceedings. Therefore, this action was an action on that contract raising state contract law issues." Id. However, in American Express Travel Related Services Co. v. Hashemi (In re Hashemi), 104 F.3d 1122 (9th Cir. 1997), American Express was denied fees incurred in establishing the debt non-dischargeable, notwithstanding a provision in the cardmember agreement requiring the debtor to pay fees incurred in enforcing American Express's rights under the contract. The court concluded that American Express was entitled to fees only to the extent it litigated state law issues, which included fees incurred in litigating a breach of contract issue. Id. at 1127-28.

Thereafter, in Renfrow v. Draper, in an attempt to reconcile its diversity of opinions on this issue, the Ninth Circuit declared that if a contract (or, in that case, a divorce decree) "provides for the payment of attorney's fees, and state law issues are litigated in the bankruptcy proceedings, attorney's fees are available, but only to the extent that they were incurred litigating the state law issues." Renfrow v. Draper, 232 F.3d 688, 694 (9th Cir. 2000). Consequently, it appears that at this time, the Ninth Circuit requires bankruptcy courts to parse fee statements to determine which fees relate to state law issues, such as the validity of the debt, which are recoverable if a contract so provides, and which fees relate to purely federal questions, such as dischargeability, which are not recoverable. Id. See also DeRoche v. Arizona Industrial Comm'n (In re DeRoche), 434 F.3d 1188, 1191 (9th Cir. 2006).

10

The Tenth Circuit has not spoken on this issue in any published decision. In an unpublished decision, which has no precedential value but nevertheless provides insight into this circuit's view on the issue,[6] the Tenth Circuit recognized that "the 'American Rule,' which applies in federal litigation, including bankruptcy proceedings, permits a prevailing litigant attorney's fees only if they are authorized by federal statute or provided for in the contract." Burns v. Great Lakes Higher Education Corp. (In re Burns), No. 00-6045, 2001 WL 23140, at *1 (10th Cir. Jan. 10, 2001). Further, the court stated that a "prevailing party in a bankruptcy proceeding may be entitled to an award of attorney's fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." Id., *quoting* Heritage Ford v. Baroff (In re Baroff), 105 F.3d 439, 441 (9th Cir. 1997). Because the litigation in Burns was commenced by the debtors to obtain an undue hardship discharge of student loans pursuant to Section 523(a)(8), and the successful debtors did not contend that their purported entitlement to fees arose from the loan contract, the court analyzed whether any other state law either "governed the proceedings" or provided for attorney's fees for a prevailing party. The court concluded that the debtors' Section 523(a)(8) proceeding invoked purely federal bankruptcy issues, not contract enforcement questions, and was " not one taken in the process of collection of a debt and thus, [did] not invoke state contract law." Id. at 691 and n.2.

---

[6]Pursuant to 10th Cir. R. 36.3(B), the citation of unpublished decisions is disfavored, but such a decision may be cited if "(1) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (2) it would assist the court in its disposition."

11

In this case, Owens instituted this litigation in order to determine the extent of lienable claims for which Bolger was liable under the Oklahoma Construction Trust Fund Statutes, which formed the basis of the debt that Owens contended was non-dischargeable under Section 523(a)(4). Owens' claim required application and interpretation of Oklahoma law and the Construction Contract to determine (1) the existence of the debt; (2) the validity of the debt; (3) the extent of the debt; (4) the fiduciary relationship between Bolger and Owens; and (5) Bolger's duties as a fiduciary. Only after these state law issues were resolved could dischargeability be determined. Thus, even under the more restrictive Ninth Circuit jurisprudence, Owens is eligible to recover attorney's fees if state contract law so permits.

The next issue is whether the attorney fee provision of the Construction Contract is broad enough to impose an obligation on Bolger to pay fees Owens incurred in this adversary proceeding. Paragraph 13 of the Construction Contract states: "The prevailing Party in any legal proceeding or arbitration based upon this Agreement shall be entitled to recover reasonable attorneys' fees, expenses and court (or dispute resolution) costs." Because Bolger has now conceded that the debt is non-dischargeable, Owens is a prevailing party. The more vexing issue is whether this adversary proceeding is "based upon" the Construction Contract. Although the provisions of the Oklahoma Construction Trust Fund Statutes do not appear in the Construction Contract verbatim, "existing applicable law is part of every contract as if it were expressly referred to or incorporated within the agreement." Welty v. Martinaire of Oklahoma, Inc., 1994 OK 10, 867 P.2d 1273, 1276, *citing* East Central Oklahoma Elec. Co-op., Inc. v. Public Serv. Co., 1970 OK 80, 469 P.2d 662, 664. Section 152 of the Oklahoma

12

Construction Trust Fund Statutes, which states that "[t]he amount payable under any building or remodeling contract shall, upon receipt by any contractor or subcontractor, be held as trust funds for the payment of all lienable claims due and owing or to become due and owing by such contractors or subcontractors by reason of such building or remodeling contract," is a statute specifically applicable to all building contracts and is therefore an implied term of the Construction Contract. Because establishing defalcation of trust funds paid under the Construction Contract was essential to the question of dischargeability, the Court concludes that this proceeding was "based upon" the Construction Contract. Accordingly, the attorney fee provision of the Construction Contract is applicable to this litigation, and Owens is entitled to recover fees, expenses and court costs incurred in obtaining a declaration that the debt resulting from Bolger's defalcation of trust funds is not dischargeable pursuant to Section 523(a)(4).

In addition to fees incurred in pursuing the adversary proceeding, Owens also seeks reimbursement of fees she incurred in attempting to obtain a reaffirmation agreement with Bolger in order to avoid filing the Section 523(a)(4) action. The attorney fee provision contained in the Construction Contract provides for recovery of fees incurred "in any legal proceeding or arbitration based upon" the Construction Contract. Drafting and/or negotiating a reaffirmation agreement is not a "legal proceeding or arbitration." Thus, fees and expenses incurred therefor are not recoverable by Owens. The parties stipulated that Owens incurred attorney's fees of $3,000 "in [an] effort[] initially to have [Bolger] reaffirm and indemnify all indebtedness to [Owens], and then subsequently to file and prosecute an adversary claim

to determine the indebtedness non-dischargeable." Joint Stipulations at ¶ 7. Owens may recover the portion of the $3,000 that is attributable to the non-dischargeability litigation, as well as her expenses and costs (including filing fees).[7]

The parties indicate that there still may be a dispute as to the *amount* of the non-dischargeable debt. For example, in the Joint Stipulations, Bolger stipulates only that he will remain personally liable to Owens "to the extent that [Owens] is required to pay the liens of the suppliers and/or subcontractors." Joint Stipulations at ¶ 6. If the amount of lienable claims is not determinable at this time because disputes exist among Bolger, Owens and the subcontractors or suppliers as to the amount or validity of the liens, the Court will simply enter a judgment declaring the debt non-dischargeable without liquidating the amount. If there is no dispute as to the amount of lienable claims that Owens will be required to pay to obtain the lien releases, however, a money judgment will be entered in addition to a judgment determining the debt non-dischargeable.

Finally, in Owens' Brief, Owens suggests that she may incur attorney's fees in the future with respect to the threatened litigation by one of the lienholders. The Court concludes that if Owens is required incur attorney's fees in connection with a "legal proceeding or arbitration" in the future to establish the amount or validity of the "lienable claims" upon which Bolger's non-dischargeable debt to Owens is based, the discharge

---

[7]There is no evidence before the Court to enable it to determine how much of the stipulated $3,000 is allocable to services rendered in connection with the reaffirmation agreement. The Court is confident that the parties will be able to calculate the amount of recoverable fees and advise the Court accordingly.

14

entered in this case shall not prevent Owens from seeking recovery of reasonable fees and expenses from Bolger under the attorney fee provision of the Construction Contract. However, to the extent that Owens incurs fees in litigation with parties that did not timely file a lien against the Residence, and thus do not have "lienable claims," Bolger shall not be liable to Owens for the debt established or the attorney's fees incurred therein, as Bolger's debt to Owens is non-dischargeable only to the extent of unpaid "lienable claims" and attorney's fees incurred in litigation in connection with such claims.

## IV.     Conclusion

For the reasons stated above, the Court concludes that Owens is entitled to a declaration that the debt arising from Bolger's non-payment of lienable claims from trust funds is not discharged, and that pursuant to the attorney fee provision contained in the Construction Contract, Owens is entitled to recover her reasonable attorney's fees, expenses and costs incurred in connection with this adversary proceeding, which shall be added to the judgment and shall be non-dischargeable.  If the parties are able to agree to the amount of non-dischargeable debt and/or the amount of recoverable attorney's fees, expenses and costs (excluding fees incurred in connection with the potential reaffirmation agreement), they are directed to file a stipulation so advising the Court within ten days of this Memorandum Opinion.  If the parties are unable to agree to the amount of such debts, Owens and Bolger shall each file a statement of position within ten days, and the Court will set the matter for hearing.  Upon resolution of these outstanding issues, a final judgment will be entered.

**SO ORDERED** this 28th day of August, 2006.

*/s/ Dana L. Rasure*

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE